This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant William Barnick, Jr. ("William") appeals the decision of the Summit County Court of Common Pleas, Domestic Relations Division, awarding appellee, Lenore Barnick ("Lenore"), spousal and child support. We affirm.
 I.
On June 22, 2001, the trial court granted Lenore a divorce from William, terminating their 24-year marriage. A separation agreement and a shared parenting plan were incorporated into the decree. The trial court awarded custody of their unemancipated son to Lenore, and ordered William to pay $726.25 per month in child support, based on an imputed income of $72,500 per year. The trial court also ordered William to pay Lenore spousal support in the amount of $80 per month. Upon their son's emancipation, the spousal support payments will increase to an amount of $1,125.
This appeal followed.
 II.
Assignment of Error:
 THE AWARDS OF SPOUSAL AND CHILD SUPPORT ARE CONTRARY TO LAW.
In his sole assignment of error, William challenges the trial court's award of spousal and child support.[1] Specifically, he argues that the trial court erred in finding that he was voluntarily unemployed and in imputing an income of $72,500 for purposes of child and spousal support calculations. We disagree.
After a division of property is made in a divorce action, the trial court may consider whether, and for how long, an additional amount is appropriate and reasonable for spousal support. R.C. 3105.18(B). In determining whether spousal support is appropriate, the court must consider the factors set forth in R.C. 3105.18(C)(1). One of those factors is the income of the parties from all sources, including income derived from assets awarded as part of the division of property. R.C.3105.18(C)(1)(a). An appellate court may not overturn the decision of the trial court regarding spousal support unless it can find that the decision is unreasonable, arbitrary, or unconscionable. See, e.g., Kahnv. Kahn (1987), 42 Ohio App.3d 61.
Similarly, in calculating the amount of child support to be provided by each party pursuant to R.C. 3113.215(B), the trial court is required to consider the gross income of each of the parties. "Gross income" includes all earned and unearned income of the parties, including wages, interest, and dividends. R.C. 3113.215(A)(2). If the trial court determines that a parent is voluntarily unemployed or underemployed, it may impute to that parent income which it determines the parent would have earned if fully employed. R.C. 3113.215 (A)(5). "[T]he question whether a parent is voluntarily (i.e., intentionally) unemployed or voluntarily underemployed is a question of fact for the trial court. Absent an abuse of discretion, that factual determination will not be disturbed on appeal." Rock v. Cabral (1993), 67 Ohio St.3d 108, 112.
An abuse of discretion connotes more than an error of law or judgment, but implies that the judgment can be characterized as unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
William asserts that the trial court failed to follow a two step process necessary to impute an income to him. First, the court must determine that he is voluntarily unemployed or underemployed. Second, the court must consider "the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides." R.C.3113.215(A)(4)(b).
A hearing was held before the trial judge on November 22, 2000 and January 9 and 31, 2001. The following was presented by way of testimony and evidence. William is unemployed and has been collecting unemployment compensation in the amount of $1,400 per month since August 28, 2000. William worked as a salesman in the paint industry for 25 years. He spent 13 years at RT Vanderbilt Company. While at Vanderbilt, his salary increased from $62,000 in 1995 to $72,000 in 1999. In his last sales position with CL Zimmerman Company, William earned a base salary of $72,500 plus a $5,000 bonus and enjoyed the use of a company car.
William has a good reputation in the industry for being fairly knowledgeable of the paint sales industry. Instead of utilizing a resume, employment agency, or headhunter to actively pursue a job, William has "put out feelers" regarding possible employment options. He has not received any offers for employment but anticipates two openings in his field after the first of the year. On cross-examination, William testified that he expected a $70,000 salary, bonuses and a company car in any future position in the industry.
Lenore, a registered nurse, stayed at home raising the couple's two children throughout the marriage. On one occasion, Lenore worked part-time to assist with the household expenses while William was unemployed. Lenore is currently employed as the assistant director of nursing at Aurora Manor. She earns $40,000 per year. Throughout the divorce proceedings, Lenore was diagnosed and treated for colon and ovarian cancer. Despite major surgery and chemotherapy, Lenore missed only one week of work due to her illness.
We find the trial court did not err in determining that William was voluntarily unemployed. Contrary to William's assertion that there was no evidence regarding the various factors listed in R.C. 3113.215(A)(4)(b), we find the transcript of the hearing discloses that considerable testimony was given concerning the income/employment issues. Under the current facts and circumstances of this case, we do not find an abuse of discretion in the trial court's determination that William was voluntarily unemployed and that an income of $72,500 should be imputed to him for the purposes of determining his child and spousal support obligations.
William's sole assignment of error is overruled.
 III.
Having overruled William's sole assignment of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
WHITMORE, J., BATCHELDER, J. CONCUR.
[1] R.C. 3113.215 was repealed on March 33, 2001, three months before the trial court granted the parties a divrce. On appeal, William argues that the trial court erroneously relied on R.C. 3119.01 instead of former R.C. 3113.215 in determining William's imputed income. We find this argument to be without merit.